# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| Enron Energy Marketing Corp. | : | Case No. 01-16041 |
| Debtor. | : | Jointly Administered |

-----------------------------------------------------------X

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

# GLOBAL NOTES REGARDING
## DEBTORS' BANKRUPTCY SCHEDULES AND STATEMENTS

1.  The Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Bankruptcy Schedules") of Enron Corp. ("Enron") and its affiliated debtors in the above-captioned, jointly administered Chapter 11 cases (collectively, the "Debtors") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors and are unaudited. The financial affairs and businesses of the Debtors are extremely large and complex. While the Debtors' management has made every reasonable effort to ensure that the Bankruptcy Schedules are accurate and complete, based upon information that was available to them at the time of preparation, the subsequent receipt of information may result in material changes to financial data and other information contained in the Bankruptcy Schedules and inadvertent errors or omissions may exist. Moreover, because the Bankruptcy Schedules contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that these Bankruptcy Schedules are complete. The Debtors reserve all rights to amend the Bankruptcy Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Bankruptcy Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Furthermore, nothing contained in the Bankruptcy Schedules shall constitute a waiver of rights with respect to these Chapter 11 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

2.  Unless otherwise indicated, all asset amounts are listed as of month-end prior to each Debtor's respective Petition Date, and claim amounts are listed as of each Debtor's respective Petition Date.

3.  Unless otherwise indicated, amounts reflect U.S. dollars, translated from other currencies as of the Petition Date where applicable.

4.  Given the differences between the information requested in the Bankruptcy Schedules and the financial information utilized under generally accepted accounting principles, the aggregate asset values and claim amounts set forth in the Bankruptcy Schedules do not reflect the amounts that would be set forth in a balance sheet for such Debtor prepared in accordance with generally accepted accounting principles. In addition, not all of the direct and indirect subsidiaries of Enron have filed for protection under Chapter 11. Accordingly, combining the assets and claims set forth in the Bankruptcy Schedules of the Debtors would result in amounts that would be substantially different from financial information regarding Enron and its subsidiaries that would be prepared on a consolidated basis under generally accepted accounting principles.

5.  It would be prohibitively expensive, unduly burdensome and time-consuming to obtain current market valuations of the Debtors' property interests. Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtors' interests in property are reflected on each Debtor's respective Schedules A and B. Assets that have been fully depreciated or were expensed for accounting purposes have no net book value. As reported in the Form 8-K filed by Enron Corp. on April 22, 2002, current management has not undertaken, and does not intend to undertake, a comprehensive review of accounting adjustments, including asset impairments and write-downs, related to previously reported financial information. Therefore, the reader should not place undue reliance upon the book values associated with assets listed in Schedules A and B.

6.  Each Debtor's Schedule B identifies its ownership interests, if any, in any subsidiary or partnership it owns directly, but does not list any subsidiary or partnership that the Debtor owns indirectly. Amounts related to the investment in consolidated subsidiaries exclude equity earnings (losses) related to the period from January 1, 2001 to the Petition Date since these earnings (losses) are typically recorded at year-end. These equity earnings (losses) related to investments in consolidated subsidiaries are also excluded from the Statements of Financial Affairs, item 2.

*These Global Notes Regarding Debtors' Bankruptcy Schedules And Statements comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of the Bankruptcy Schedules.*

## GLOBAL NOTES REGARDING
## DEBTORS' BANKRUPTCY SCHEDULES AND STATEMENTS

7.  In the event that a Debtor was not an Enron affiliate during the relevant period prior to its filing, the Bankruptcy Schedules include information related to the period prior to its acquisition by Enron only if that information is readily available.

8.  Prior to the Petition Date, the Debtors participated in a consolidated cash management system through which certain payments were made by one entity on behalf of another. These payments have generally been reported on the Bankruptcy Schedules of the appropriate Debtor on whose behalf they were made, and an intercompany receivable and payable recorded. The financial affairs and businesses of the Debtors are extremely large and complex. The Debtors have made every reasonable effort to reflect all payments, assets and liabilities within the proper entity but no assurances can be made in this regard.

9.  It is likely that certain Debtors may have posted cash collateral and/or obtained surety bonds or letters of credit on behalf of, and in the name of, other Enron affiliates, including those that may currently be Debtors. Accordingly, a Debtor may possess contingent and unliquidated claims against affiliated entities (both debtor and non-debtor) for various financial accommodations and similar benefits it has extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) letters of credit, (ii) surety bonds, (iii) guarantees, (iv) indemnities and (v) tax sharing agreements, as noted in Schedule B-20.

10. In the circumstances where the Bankruptcy Schedules require information regarding insiders and/or officers and directors, included herein are (a) outside board members and (b) employee board members and employees that are, or were, managing director or above. For the purposes of disclosure regarding payments made to insiders, the Debtors have taken a broad-based conservative approach and included payments to all employees who were managing directors or above. Employees have been included in this broad-based approach for informational purposes only and should not all be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, or with respect to any theories of liability or for any other purpose. Addresses of employees are generally not included on the Bankruptcy Schedules.

11. During the 90 days prior to the Petition Date, some of the Debtors may have been involved in certain transactions that could be construed as setoffs. Such transactions could take the form of payment setoffs, book outs or netting pursuant to master agreements, among others. The Debtors are in the process of reviewing all transactions in the 90 days prior to the Petition Date to determine if any of the transactions should be challenged under any of the provisions of the Bankruptcy Code.

12. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtor, or inchoate statutory lien rights. Such counterparties have been listed in Schedule F.

13. Certain of the Debtors have engaged in the trading of commodities and have assets and liabilities related to these activities. The reference to "commodity" in the Bankruptcy Schedules does not constitute an admission by the Debtors that the subject being referenced is in fact a "commodity," as such term is used in the Bankruptcy Code. The portion that relates to settled trades has been priced in accordance with the terms of the contract and recorded as Trade Accounts Receivable or Accounts Payable. The portion of this activity that relates to contracted-for trading activity in future periods (i.e., open and/or unsettled trades) is recorded as Price Risk Management Assets or Liabilities, as the case may be. On Schedule F, Price Risk Management Liabilities are referred to as "Trading Contract Claims."

14. Trade Accounts Receivable are presented net of allowance for doubtful accounts, but without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held by the Debtor. Likewise, Accounts Payable are shown without consideration for accounts receivable, open or terminated contracts, liquidated damages, setoff rights or collateral that has been posted on behalf of the counterparty. If these accounts were shown net of potential setoffs, the dollar amounts could change significantly.

*These Global Notes Regarding Debtors' Bankruptcy Schedules And Statements comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of the Bankruptcy Schedules.*

## GLOBAL NOTES REGARDING
## DEBTORS' BANKRUPTCY SCHEDULES AND STATEMENTS

15.     Some of the Debtors' scheduled assets and liabilities, such as those from price risk management activity, are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown." Accordingly, the Bankruptcy Schedules do not fully reflect the aggregate amount of the Debtors' assets and liabilities.

16.     Prior to the Petition Date, Enron entities that entered into trading contracts with third parties also entered into offsetting swap agreements with Risk Management and Trading Co. ("RMTC"), an Enron affiliate. Therefore, each Debtor's Price Risk Management Assets and Liabilities may have offsetting intercompany Price Risk Managements Assets and Liabilities with RMTC. Due to numerous terminations on or shortly before the Petition Date, these assets and claims have been reported as "unknown" in the Bankruptcy Schedules.

17.     Inventory is presented without consideration for any potential warehousemen's liens.

18.     Pursuant to various orders issued by the Court, the Debtors were authorized to pay certain outstanding pre-petition claims, including, but not limited to, claims relating to or held by: (i) critical vendors, (ii) common carriers, warehousemen, customs duties and customs broker charges and foreign creditors, (iii) employee compensation, benefits, reimbursable business expenses and related administrative costs, (iv) sales and use taxes, (v) reclamation rights and (vi) workers' compensation, insurance policies and captive insurance program. To the extent claims have been paid, such claims have not been listed on the Debtors' Bankruptcy Schedules.

19.     The businesses of the Debtors are complex. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth in Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments, and agreements which may not be listed therein. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.

20.     Members of the Enron Corp. affiliated group, Enron Renewable Energy Corp. affiliated group, or any other affiliated group (as defined in §1504 of the Internal Revenue Code) referred to in the Statements of Financial Affairs, item 24 are codebtors with the Debtors with respect to their income tax liability. These codebtors are not separately listed in Schedule H. Additionally, given the nature of the Debtors' businesses, third party claims against one Debtor may be supported by guarantees issued by another Debtor. In such situations, the Debtor acting as the guarantor has not been listed as a codebtors on Schedule H. However, the possible guarantee claim has been listed on Schedule F of the Debtor that issued the guarantee.

*These Global Notes Regarding Debtors' Bankruptcy Schedules And Statements comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of the Bankruptcy Schedules.*

# STATEMENT OF FINANCIAL AFFAIRS

**1.     Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**The purpose of this entity is to provide natural gas and electric sales to large industrial and retail customers.**

| YEAR | SOURCE | AMOUNT |
|---|---|---|
| November 30, 2001 Year-to-Date | TOTAL GROSS REVENUES (a) | ($261,412,677) |
| June 2000 - December 31, 2000 | TOTAL GROSS REVENUES (b) | $815,665,940 |
| **Note:** (a) Due to system limitations, certain material adjustments to 2001 forward values for Enron Energy Marketing Corp., Enron Energy Services, Inc., and Enron Energy Services Operations, Inc. were recorded in lump sum on Enron Energy Marketing Corp.'s general ledgers. (b) Enron Energy Marketing Corp. was acquired in June 2000. | | |

**2.     Income other than from employment or operation of business.**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| YEAR | SOURCE | AMOUNT |
|---|---|---|
| November 30, 2001 Year-to-Date | Interest Income/(Loss) - Trade | $48,971 |
| | Other Income/(Loss) | 2,475 |
| | **TOTAL OTHER INCOME/(LOSS)** | **$51,446** |
| June 2000 - December 31, 2000 | Interest Income/(Loss) - Trade | $0 |
| | Other Income/(Loss) | 2,639 |
| | **TOTAL OTHER INCOME/(LOSS)** | **$2,639** |
| **Note:**  Enron Energy Marketing Corp. was acquired in June 2000. | | |

**3.     Payments to creditors.**

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| SEE EXHIBIT 3a | | | |
| **Note:** Payments to creditors made within 90 days immediately preceding the commencement of this case have been provided in summary format by creditor.<br><br>**Note:** Payments made to Goodin Macbride Squeri Scholtz were remitted to the California Public Utilities Commission to be held in escrow pending resolution of disputes with certain California utilities. | | | |

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP OF DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| SEE EXHIBIT 3b | | | |

**4.     Suits, executions, garnishments, and attachments.**

a.  List all suits to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition  is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT  AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| SEE EXHIBIT 4a | | | |

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| NONE | | |

5. **Repossessions, foreclosures, and returns.**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| NONE | | |

6. **Assignments and receiverships.**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| NONE | | |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| NONE | | | |

### 7. Gifts.

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR | DATE | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| NONE | | | |

### 8. Losses.

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DATE | DESCRIPTION OF PROPERTY | VALUE OF PROPERTY | DESCRIPTION OR CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS |
|---|---|---|---|
| | NONE | | |
| **Note:** Excludes losses incurred in the ordinary course of business where the amount is de minimis and claims are either uninsured or below the amount of the property insurance deductible. | | | |

**9.**     **Payments related to debt counseling or bankruptcy.**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| REFER TO ENRON CORP 01-16034 | | |

**10.**     **Other transfers.**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE AND RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| NONE | | |

**11.**     **Closed financial accounts.**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificate of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Union Bank of California | Lockbox:          # 0700493830<br>Balance:          $0 | 10/31/01 |

**12.**     **Safe deposit boxes.**

List each safe deposit box or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| NONE | | | |

**13.**     **Setoffs.**

List all setoffs made by any creditor, including a bank, against debts or deposits of the debtor within **90 days preceding the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| NONE | | |

**14.**     **Property held for another person.**

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| NONE | | |

**15.**     **Prior address of debtor.**

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| PO Box 770000, Mail Stop B26E San Francisco, CA 94177 | PG&E Energy Services Corp. | Prior To June 2000 |

**16.**     **Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NAME |
|---|
| NOT APPLICABLE |

**17.**     **Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statue, or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.   List the name and address of every site for which the debtor has received notice in writing by a governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAMES AND ADDRESSES OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| NONE | | | |

b.   List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAMES AND ADDRESSES OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| NONE | | | |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAMES AND ADDRESSES OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| NONE | | |

**18.     Nature, location and name of business**

a.     If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names and addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years i**mmediately preceding the commencement of this case.

If the debtor is a corporation, list the names and addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| NONE | | | | |

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101

| NAME | ADDRESS |
|---|---|
| NONE | |

In re: Enron Energy Marketing Corp.
Case No. 01-16041

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more that 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within **six years** immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements.**

a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| Kevin Hughes | Chief Accounting Officer | 6/00 - 7/01 |
| Wade Stubblefield | Chief Accounting Officer | 7/01 - 12/01 |
| **Note:** Enron Energy Marketing Corp. was acquired in June 2000. | | |

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Audit conducted as part of consolidated audit for Enron Corp. by Arthur Andersen REFER TO ENRON CORP 01-16034 | |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME AND ADDRESS | TITLE |
|---|---|
| Wade Stubblefield | Chief Accounting Officer |

d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| NONE | |
| **Note:** In the ordinary course, the Debtor may have provided financial information to banks, customers, suppliers and rating agencies. | |

**20.**     **Inventories**

a.   List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| SEE NOTE | | |
| **Note:** Natural gas inventory is located at several Local Distribution Company locations.  It is not physically counted; rather, the Local Distribution Company provides a monthly statement of gas volumes in storage. | | |

b.   List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| LOCATION AND DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| NOT APPLICABLE | |

**21.**     **Current Partners, Officers, Directors and Shareholders.**

a.   If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| NOT APPLICABLE | | |

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Enron Energy Services | Current Owner | 100% |
| David W. Delainey | Director, Chairman and Chief Executive Officer | See Note |
| Janet R. Dietrich | Director, President | See Note |
| Victoria T. Sharp | Director, Managing Director, General Counsel and Secretary | See Note |
| Mark S. Muller | President, New Business Ventures | See Note |
| Jeremy M. Blachman | Chief Operating Officer, Global National Outsourcing and Commodity | See Note |
| David Cox | Managing Director | See Note |
| Robert S. Gahn | Managing Director | See Note |
| Robert J. Hermann | Managing Director and General Tax Counsel | See Note |
| Elizabeth A. Tilney | Managing Director | See Note |
| Daniel P. Leff | Chief Operating Officer | See Note |
| Raymond M. Bowen, Jr. | Executive Vice President, Finance and Treasurer | See Note |

**Note:** Officer/Director does not own more than 5% of the voting or equity securities.

**22.      Former partners, officers, directors, and shareholders.**

a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF WITHDRAWAL |
|---|---|---|
| NOT APPLICABLE | | |

b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| James V. Derrick, Jr. | Director | 09/05/01 |
| Lou L. Pai | Director, Chairman and Chief Executive Officer | 02/07/01 |
| Thomas E. White | Director, Vice Chairman | 05/31/01 |
| Martin D. Sunde | Vice Chairman | 08/29/01 |
| Harold G. Buchanan | Chief Operating Officer, Mass Markets | 05/01/01 |
| Ben F. Glisan, Jr. | Managing Director, Finance and Treasurer | 11/07/01 |

**23.      Withdrawals from a partnership or distributions by a corporation.**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| REFER TO RESPONSE TO QUESTION 3b | | |

**24.      Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|
| Enron Corp. | 47-0255140 |
| Pacific Gas & Electric Co | 94-3234914 |
| **Note:**  Enron Energy Marketing Corp. was acquired in June 2000. | |

**25.** **Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|
| NONE | |

[concluded on next page]

In re: Enron Energy Marketing Corp.
Case No. 01-16041

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief, subject to the global notes and various footnotes set forth therein.

Date:  June 14, 2002

Signature      /s/ RAYMOND M. BOWEN, JR.

Print Name   Raymond M. Bowen, Jr.

Title         Authorized Representative

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571.*

# In re: Enron Energy Marketing Corp.

## Case No. 01-16041
## Exhibit 3a
## Date Range: 9/3/2001 - 12/02/2001

| Vendor # | Vendor Name | Curr Key | Amount |
|---|---|---|---|
| 5000080129 | 101 CALIFORNIA VENTURE | USD | 75.67 |
| 5000023222 | APPLIED METERING TECHNOLOGIES | USD | 18,134.36 |
| 5000039203 | AT&T WIRELESS SERVICES | USD | 1,174.29 |
| 5000062389 | AT&T WIRELESS SERVICES | USD | 4,857.73 |
| 5000062768 | AT&T WIRELESS SERVICES | USD | 906.06 |
| 5000062771 | AT&T WIRELESS SERVICES | USD | 344.55 |
| 5000020619 | AT&T WIRELESS SERVICES/PHOENIX | USD | 68.15 |
| 5000058951 | CALIFORNIA PUBLIC UTILITIES COMM | USD | 100.00 |
| 5000083543 | CHEVRON ENERGY SOLUTIONS LP | USD | 17,760.91 |
| 5000047957 | CINCINNATI GAS & ELECTRIC | USD | 1,917.74 |
| 5000065868 | CITIZENS COMMUNICATIONS | USD | 136.25 |
| 5000027367 | COLUMBIA GAS OF OHIO INC | USD | 2,555.73 |
| 5000055177 | COLUMBIA GAS TRANSMISSION CO | USD | 648.91 |
| 5000010189 | COLUMBIA GULF TRANSMISSION CO | USD | 740.66 |
| 5000055176 | CONNECTICUT NATURAL GAS CORP | USD | 4,088.59 |
| 5000080415 | CUSHMAN & WAKEFIELD OF CA | USD | 47,561.75 |
| 5000076574 | DATAPULT LP | USD | 2,528.00 |
| 5000071793 | DOMINION EAST OHIO | USD | 75.76 |
| 5000056375 | EVANS TELEPHONE CO | USD | 208.06 |
| 5000002138 | GOODIN MACBRIDE SQUERI SCHLOTZ | USD | 16,069,410.78 |
| 5000082806 | ISO NEW ENGLAND INC | USD | 4,580,046.28 |
| 5000056862 | KERMAN TELEPHONE CO | USD | 88.74 |
| 5000058006 | KEYSPAN ENERGY DELIVERY | USD | 1,792.92 |
| 5000047079 | MASSACHUSETTS ELECTRIC CO | USD | 3,805,428.91 |
| 5000058971 | MASS HIGH TECHNOLOGY COUNCIL | USD | 996,471.75 |
| 5000054899 | MISSISSIPPI RIVER TRANSMISSION | USD | 7,534.20 |
| 5000079962 | MISSOURI DIRECTOR OF REVENUE | USD | 29,156.00 |
| 5000057325 | NATL FUEL DISTRIBUTION CORP | USD | 2,994.50 |
| 5000051087 | NATL FUEL GAS DISTRIBUTION | USD | 5,363.44 |
| 5000057181 | NEW ENGLAND ISO | USD | 3,692,357.08 |
| 5000060387 | NICOR GAS | USD | 97.98 |
| 5000059629 | NORTHERN ILLINOIS GAS | USD | 39,874.87 |
| 5000061584 | NSTAR ELECTRIC | USD | 5,809,752.25 |
| 5000059270 | NUI CORPORATION | USD | 2,060.54 |
| 5000081710 | ONE ATLEE REALTY CO | USD | 45.32 |
| 5000008985 | PACIFIC BELL | USD | 6,125.49 |
| 5000067943 | PACIFIC GAS & ELECTRIC | USD | 24,332.60 |

**In re: Enron Energy Marketing Corp.**

**Case No. 01-16041**

**Exhibit 3a**

| Vendor # | Vendor Name | Curr Key | Amount |
|---|---|---|---|
| 5000019973 | PACIFIC GAS & ELECTRIC CO | USD | 54,094.19 |
| 5000049317 | PACIFIC GAS & ELECTRIC CO | USD | 22,401,975.47 |
| 5000084064 | PACIFIC GAS & ELECTRIC CO | USD | 15,973.42 |
| 5000057588 | PACIFIC GAS & ELECTRIC COMP | USD | 12,200.00 |
| 5000057337 | PACIFIC GAS & ELECTRIC COMPANY | USD | 892,802.57 |
| 5000081698 | PENNSYLVANIA DEPT OF REVENUE | USD | 57,636.00 |
| 5000055198 | PEOPLES ENERGY | USD | 389.33 |
| 5000055360 | PEOPLES ENERGY | USD | 43,936.82 |
| 5000054266 | PG & E | USD | 19,932.67 |
| 5000060178 | PG&E ENERGY TRADING GAS CORP | USD | 9,807.06 |
| 5000081730 | PG&E ENERGY TRADING GAS CORP | USD | 15,249.86 |
| 5000057498 | PPL UTILITIES | USD | 918.96 |
| 5000056927 | RELIANT ENERGY GAS TRANSMISSION | USD | 227,652.78 |
| 5000082055 | ROOMFUL EXPRESS FURNITURE | USD | 12,708.83 |
| 5000049301 | SAN DIEGO GAS & ELECTRIC | USD | 2,948,373.64 |
| 5000049794 | SAN DIEGO GAS & ELECTRIC | USD | 37,348.02 |
| 5000056873 | SIERRA TELEPHONE | USD | 151.96 |
| 5000068119 | SOUTHERN CALIFORNIA EDISON | USD | 20,051,717.02 |
| 5000031367 | SOUTHERN CALIFORNIA GAS CO | USD | 6,137.32 |
| 5000031249 | SOUTH JERSEY GAS CO | USD | 216.40 |
| 5000008558 | STATE COMPTROLLER | USD | 236,136.00 |
| 5000036407 | TENNESSEE DEPT OF REVENUE | USD | 16.00 |
| 5000080395 | TWM INDUSTRIES | USD | 3,889.88 |
| 5000010966 | VERIZON CALIFORNIA | USD | 1,167.56 |
| 5000045373 | VERIZON WIRELESS | USD | 122.91 |
| 5000078569 | VERIZON WIRELESS | USD | 35.26 |
| 5000058933 | WILLIAMS GAS PIPELINES CENTRAL INC | USD | 140.60 |
| 5000051158 | YANKEE GAS | USD | 4,724.87 |
| 5000047222 | YANKEE GAS SERVICES CO | USD | 3,116.07 |
| | | **USD** | **82,235,388.29** |

In re: Enron Energy Marketing Corp.
Case No. 01-16041

**EXHIBIT 3b**

| Intercompany Note Balances | | |
|---|---:|---:|
| | **11/30/2000** | **11/30/2001** |
| Enron Corp. | ($49,980) | ($51,055) |
| | | |
| **Total** | **($49,980)** | **($51,055)** |

| Intercompany Account Balances | | |
|---|---:|---:|
| | **11/30/2000** | **11/30/2001** |
| Enron Corp. | $80,088,259 | $122,338,715 |
| Enron Energy Services Operation, Inc. | $7,550,817 | ($73,720,250) |
| Enron Energy Services, Inc. | ($71,785,979) | ($353,854,546) |
| Enron Energy Services, LLC | ($39,069,175) | $45,324,615 |
| Enron Net Works LLC | $0 | ($667) |
| Enron Power Marketing, Inc. | ($3,304,854) | ($38,682,968) |
| Enron Property & Services Corp. | $0 | ($739) |
| Transwestern Pipeline Company | ($3,929) | $0 |
| | | |
| **Total** | **($26,524,861)** | **($298,595,840)** |

**Note:** Unbracketed numbers represent receivables and bracketed numbers represent payables.

| PLAINTIFF/TITLE OF ACTION | CASE NUMBER | COURT AND LOCATION | STATUS |
|---|---|---|---|
| ENRON ENERGY SERVICES, INC. & ENRON ENERGY MARKETING CORP. V. PACIFIC GAS AND ELECTRIC COMPANY | 01-01-032 | PUBLIC UTILITIES COMMISSION, STATE OF CALIFORNIA | OPEN |
| ENRON ENERGY SERVICES, INC. & ENRON MARKETING CORP.V SOUTHERN CALIFORNIA EDISON COMPANY | 01-01-029 | PUBLIC UTILITIES COMMISSION, STATE OF CALIFORNIA | OPEN |
| IN THE MATTER OF THE ARBITRATION BETWEEN HOMESTAKE MINING COMPANY AND ENRON ENERGY MARKETING CORPORATION | 74 198 01651 01 KETO | AMERICAN ARBITRATION ASSOCIATION - WESTERN CASE MANAGEMENT CENTER | OPEN |
| PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH THE DEPARTMENT OF WATER RESOURCES V. ACN ENERGY INC., ET AL. (INCL PG&E ENERGY SERVICES CORPORATION N/K/A ENRON ENERGY MARKETING CORP. AND PORTLAND GENERAL ELECTRIC | 01AS05497 | SUPERIOR COURT OF CALIFORNIA, SACRAMENTO COUNTY | OPEN |

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------X
                                            :
In re                                       :              Chapter 11
                                            :
Enron Energy Marketing Corp.                :              Case No. 01-16041
                          Debtor.           :              Jointly Administered
                                            :
--------------------------------------------------------------X
```

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

    I, the Authorized Representative of the Enron Energy Marketing Corp. named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 1,599 sheets, and that they are true and correct to the best of my knowledge, information, and belief, subject to the global notes and various footnotes set forth therein.

Date: June 14, 2002               Signature    /s/ RAYMOND M. BOWEN, JR.

                                        Print Name   Raymond M. Bowen, Jr.

                                        Title        Authorized Representative

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571.*

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether the schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, G, H, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | $0 | | |
| B - Personal Property | Yes | 5 | $467,778,026 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 17 | | UNKNOWN | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 459 | | $469,475,232 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1,112 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets in ALL Schedules | | 1,598 | | | |
| Total Assets | | | $467,778,026 | | |
| Total Liabilities | | | | $469,475,232 | |

**NOTE:  THE ASSETS ARE SHOWN ABOVE AT NET BOOK VALUE AND, THUS, AMOUNTS ULTIMATELY REALIZED WILL VARY FROM NET BOOK VALUE AND SUCH VARIANCE MAY BE MATERIAL.  THE AMOUNTS SHOWN ABOVE FOR LIABILITIES EXCLUDE ITEMS IDENTIFIED AS "UNKNOWN" AND, THUS, ULTIMATE LIABILITIES MAY DIFFER MATERIALLY FROM THOSE STATED ABOVE. SEE GLOBAL NOTES REGARDING DEBTORS' BANKRUPTCY SCHEDULES AND STATEMENTS.**

In re: Enron Energy Marketing Corp.
Case No. 01-16041

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR MORTGAGE | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|
| NONE | | | |
| | | | |
| | | | |
| | Total | $0 | $0 |

In re: Enron Energy Marketing Corp.
Case No. 01-16041

# Schedule B - Personal Property

| Type of Property | None | Description and Location of Property | Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 1.  Cash on Hand | X | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | First Union Bank<br>Lockbox Account # 2000011046527<br><br>Mellon Bank<br>Receipts Account # 006 4912<br><br>Mellon Bank<br>Lockbox Account # 010 6420<br><br>Mellon Bank<br>Lockbox Account # 037 0992 | $39,200<br><br>0<br><br>227,493<br><br>1,543 |
| | | Total | $268,236 |
| 3.  Security Deposits with public utilities, telephone companies, landlords, and others. | X | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books, pictures, and other art objects; antiques; stamp, coin record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |

# Schedule B - Personal Property

| Type of Property | None | Description and Location of Property | Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. |  | The Debtor has insurance coverage through various policies maintained by Enron Corp. (See Exhibit B-9 on Enron Corp., case # 01-16034,  for a list of insurance policies).<br><br>Numerous project-specific insurance programs are in place and could provide coverage for the Debtor for its interest only as an insured on such specific policies. | N/A |
| 10.  Annuities.  Itemize and name each issuer. | X |  |  |
| 11.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X |  |  |
| 12.  Stock and interests in incorporated and unincorporated businesses.  Itemize. | X |  |  |
| 13.  Interests in partnerships or joint ventures.  Itemize. | X |  |  |
| 14.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X |  |  |
| 15.  Accounts receivable. |  | Trade accounts receivable | $279,967,781 |

## Schedule B - Personal Property

| Type of Property | None | Description and Location of Property | Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Certain claims and causes of action against Quantum Ventures and PG&E Corporation for misrepresentation, breach of warranties, breach of contract and indemnification related to Enron Energy Marketing Corp.'s purchase of the shares of PG&E Energy Services Operations, Inc.  SEE NOTE BELOW | N/A |

# Schedule B - Personal Property

| Type of Property | None | Description and Location of Property | Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | | The Debtor maintained various state and federal licenses, certifications or qualifications necessary to conduct its business in the ordinary course. | N/A |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 24. Boats, motors, and accessories. | X | | |
| 25. Aircraft and accessories. | X | | |
| 26. Office equipment, furnishings, and supplies. | X | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 28. Inventory. | | Natural gas inventory located in Eastern, Central, and Western US storage facilities | $515,760 |
| 29. Animals. | X | | |
| 30. Crops - growing or harvested. Give particulars. | X | | |
| 31. Farming equipment and implements. | X | | |

## Schedule B - Personal Property

| Type of Property | None | Description and Location of Property | Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 32. Farm supplies, chemicals, and feed. | X | | |
| 33. Other personal property of any kind not already listed. Itemize. | | Deposits in escrow with California Public Utility Commission for disputed items | $19,163,806 |
| | | Gas imbalances receivable related to overdeliveries of natural gas | 199,113 |
| | | Price Risk Management Assets | Unknown |
| | | Accounts Receivable - Affiliates: | |
| | | Enron Corp. | 122,338,715 |
| | | Enron Energy Services, LLC | 45,324,615 |
| | | Total | $187,026,249 |
| | | **Total** | **$467,778,026** |

**Note - B20:**

The Debtor believes that it may possess certain claims and causes of action against various parties for, among other things, breach of contract, negligence, breach of fiduciary duty and malpractice. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of Chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets, such as those related to various special purpose entities. The Debtor is currently in the process of identifying and analyzing such potential claims and causes of action.

The Debtor may also possess contingent and unliquidated claims against affiliated entities (both debtor and non-debtor) for various financial accommodations and similar benefits it has extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) letters of credit, (ii) surety bonds, (iii) guarantees, (iv) indemnities and (v) tax sharing agreements.

Additionally, prior to the Petition Date, the Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages for business-related losses. Refer to Statement of Financial Affairs, item 4(a) for lawsuits commenced pre-petition in which the Debtor was a plaintiff.

In re: Enron Energy Marketing Corp.
Case No. 01-16041

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| NONE | | | |
| | | | |
| | | | |
| | Total | $0 | |